AO 91 (Rev. 11/11) Criminal Complaint

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 25 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Wendell Deforest BALL | ) | Case No. 719mJ141 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __10/24/2019__ in the county of __Roanoke City__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., Section 841 | Distribution of a quantity of methamphetamine |
| 18 U.S.C., Section 922(g)(1) | Possession of a Firearm by a Prohibited Person |
| 18 U.S.C., Section 924(c) | Possession of a Firearm in futherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:
See attached.

☑ Continued on the attached sheet.

_____ ATF, TFO
*Complainant's signature*

William Engel, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/25/2019

_____
*Judge's signature*

City and state: Roanoke, VA

Robert S. Ballou, United States Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WENDELL DEFOREST BALL | Case No. 7/19mJ141 |

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, William Engel, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a complaint and arrest warrant under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure.

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF), and have been since October 2018. I have successfully completed the Bureau of Alcohol, Tobacco, Firearms and Explosives, Task Force Officer (TFO) training in the Washington, District of Columbia held at the Bureau of Alcohol, Tobacco, Firearms and Explosives Federal Headquarters. I have been employed in a law enforcement capacity since 1994 as a Police Officer; Police Detective; Police Detective Sergeant; Investigative and Patrol Lieutenant; law enforcement trainer and mentor in Afghanistan, employed by the Department of State and Department of Defense; and currently as a Task Force Officer. I have received training in various aspects of criminal law enforcement, including but not limited to criminal investigations involving arson, explosives, narcotics and firearms. Since becoming a TFO with ATF, I have provided sworn testimony before the Federal Grand Jury and in the United States District Court in reference to violations of the Federal firearms and narcotics laws.

1

3. As a result of my training and experience as an ATF Task Force Officer, I am familiar with federal criminal laws and know that it is a violation of:

Title 21, United States Code, Section 841(a)(1), to possess with the intent to distribute and to distribute controlled substances, including methamphetamine;

Title 18, United States Code, Section 922(g), to possess a firearm after having previously been convicted of a felony offense; and

Title 18, United States Code, Section 924(c), to possess a firearm in furtherance of a drug trafficking crime.

4. The information contained in this affidavit is based on my personal knowledge of and involvement in this investigation as well as facts and information provided to me by other law enforcement officers. The facts comprising the basis for this affidavit are true and correct to the best of my knowledge. I have not included all facts obtained in the course of this investigation, but only those facts necessary to establish probable cause to believe that Wendell Deforest BALL violated the aforementioned statutes.

## PROBABLE CAUSE

5. On or about October 24, 2019, members of the Roanoke Police Department and ATF-Roanoke used a confidential source (CS) to order a quantity of methamphetamine from Wendell Deforest BALL. Under police observation, the CS contacted BALL by phone to order a quantity of methamphetamine. BALL advised the CS to meet at the Food Lion parking lot in the City of Roanoke.

6. BALL arrived on scene at the designated meet location. Under police observation, the CS entered the passenger side of BALL's vehicle and acquired from BALL approximately 29 grams of a substance that field-tested positively for the presence of

methamphetamine utilizing a Virginia Department of Forensic Science approved " Scott Reagent" test kit and a Smith & Wesson, model M&P 9 Shield, 9mm pistol, SN: HPE4590.

7. Standard controls were in place for the transaction, to include the use of pre-recorded currency, audio-video recording equipment and procedures for searching the CS and the CS's vehicle before and after the purchase. Surveillance units were employed along the route to and from the designated meet location on Bennington Street (Food Lion).

8. A query of the NCIC database revealed that BALL has been convicted previously of a felony, or a crime punishable by imprisonment for a term exceeding one year, thus prohibiting him from possessing firearms.

9. An ATF Interstate Nexus Agent examined information pertaining to the aforementioned firearm. This weapon meets the definition of a firearm as set forth in Title 18, United States Code, Section 921(a)(3). It was determined that both firearms were in and affecting commerce because neither was manufactured in the Commonwealth of Virginia.

10. In a post-Miranda interview, BALL stated that he is aware is a convicted felon and prohibited from possessing firearms.

11. The foregoing events occurred within the Western District of Virginia.

## CONCLUSION

12. Based on the foregoing, your affiant asserts there is probable cause to believe that Wendell Deforest BALL possessed with the intent to distribute and distributed controlled substances, specifically methamphetamine, in violation of Title 21, United States Code,

3

Sections 841(a)(1) and (b)(1)(B); that he possessed a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1); and that he possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

Respectfully submitted,

_____ ATF, TFO
William Engel
ATF Task Force Officer

Sworn before me this 25th day of October, 2019.

_____
Robert S. Ballou
United States Magistrate Judge

4